**United States District Court**
**District Of Connecticut**

**Brian Ebron,**
*Plaintiff*

No. 3:25-CV-00363 (SRU)

*v.*

April 2, 2026

**Ned Lamont,**
*Defendant*

**Motion for Leave to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Brian Ebron moves for leave to file the Proposed Amended Complaint attached hereto as Exhibit 1, along with Exhibits 2 through 7 in support thereof.

### 1. Procedural history

On March 12, 2025, Mr. Brian Ebron's *pro se* complaint was filed in the United States District Court for the District of Connecticut.  ECF # 1.  It was signed on December 5, 2024.  *Id.*  His complaint is thus presumed to have been filed on December 5, 2024, under the prison mailbox rule.  *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006).

Mr. Ebron's complaint asserts a challenge to Public Act No. 23-169—a law that provides individuals who committed a crime under twenty-one years of age an opportunity to seek parole while simultaneously limiting relief to those sentenced before October 1, 2005.  *See* ECF # 1 at 5–7.  He alleges that the exclusion of people sentenced after October 1, 2005, constitutes cruel and unusual punishment under the Eighth Amendment as well as arbitrary discrimination under the Fourteenth Amendment.  *Id.*

The same day Mr. Ebron filed his complaint, this Court issued several orders: among them was an instruction that Mr. Ebron was required to either file a motion for leave to proceed in *forma pauperis* or to pay the applicable filing fee. ECF # 2. On March 19, 2025, the Court received the filing fee. On December 15, 2025, Mr. Ebron filed a motion for status and to expedite initial review. ECF # 8. To date, the Court has not issued an Initial Review Order, and, thus, no Defendant is yet a party to this action.

On April 2, 2026, the undersigned entered a notice of appearance.

## 2. Argument.

Generally, "at the outset of the litigation, a party may freely amend [his] pleadings pursuant to Rule 15(a)(1) as of right *without* court permission." *Wang v. Omni Hotels Mgmt. Corp.*, No. 3:18-CV-2000 (VDO), 2025 WL 1782264, at *8 (D. Conn. June 27, 2025) (quoting *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021)) (emphasis in original). But Rule 15(a)(1) is a bit more specific. It provides for amendment as of right no later than:

(A) 21 days after serving [the pleading], or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)–(B).

By its terms, Rule 15(a)(1) is ambiguous about the proper course to take where, as here, a defendant has not yet been served but a plaintiff seeks leave to amend. The best reading of the rule would be to allow a party to amend his complaint as of right once prior to service. This is because the filing of a pre-service amended complaint necessarily

means the complaint has not been filed later than 21 days after service. In this district, courts have discussed Rule 15(a)(1) in terms that comport with this interpretation. *See Jordan v. Quiros*, No. 3:23-CV-254 (CSH), 2023 WL 5153614, at *1 (D. Conn. Aug. 10, 2023) ("Plaintiff has the right to amend his complaint once prior to service . . . ."). And in others, courts have allowed for pre-service amendment as of right on the ground that this reading aligns with the purpose of the rule: namely, to "allow a party to include matters in an amended pleading where those matters were initially overlooked or unknown" without unnecessary judicial involvement. *Daley v. Town of Orchard Park*, No. 1:16-CV-00325 EAW, 2017 WL 417248, at *4 (W.D.N.Y. Jan. 30, 2017).

But defendants have argued otherwise. *E.g.*, *id.* ("Defendants argue that Plaintiff never served the original complaint, and, because no service issued, Plaintiff was not allowed to file an amendment as of right under Rule 15(a)(1)."). And some courts have, at least in passing, observed that amendment as of right is premised on "the original complaint [having] been served." *Bd. of Educ. of Smithtown Cent. Sch. dist. v. Factor*, No. 88 CV 2760, 1989 WL 47707, at *2 (E.D.N.Y. Apr. 27, 1989).

Out of an abundance of caution, Mr. Ebron, thus, moves for leave to amend.

Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave" to amend the pleadings "when justice so requires." "This rule reflects a permissive standard." *Baroni v. Port Auth. of New York & New Jersey*, 161 F.4th 48, 62 (2d Cir. 2025). Prior to the issuance of a scheduling order, leave may be denied only "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Yerkyn v. Yakovlevich*, 164 F.4th 224, 227 (2d Cir. 2026). No such factors are present here.

Mr. Ebron retained counsel in March 2026, and now he seeks to amend his *pro se* complaint to refine his equal protection claim, remove his Eighth Amendment claim, and

3

ensure that this case has been brought against the appropriate defendant.  He also does not seek to delay this proceeding.  Just the opposite.  Mr. Ebron is interested in resolving this matter expeditiously so he might have an opportunity to seek parole and return home to be with his family as soon as possible.  Lastly, there is no undue prejudice as neither Defendant Lamont nor putative Defendants have yet been served.[1]  *Jordan v. Dep't of Corr.*, No. 3:22-CV-701 (CSH), 2023 WL 2457244, at *1 (D. Conn. Mar. 11, 2023) ("There is also no 'undue prejudice' to Defendants, who have not yet been served.").

### 3. Conclusion

For the forgoing reasons, Mr. Ebron respectfully requests this Court grant him leave to file the Proposed Amended Complaint attached hereto as Exhibit 1, along with Exhibits 2 through 7 in support thereof.

Respectfully submitted,

__/s/ Joseph Gaylin___
Joseph Gaylin (#ct32089)
Dan Barrett (#ct29816)
Jaclyn Blickley (#ct31822)
ACLU Foundation of Connecticut
P.O. Box 230178
Hartford, CT 06123
(860) 471-8471
e-filings@acluct.org

---

[1] Governor Ned Lamont is presently the sole Defendant in this action.  After Mr. Ebron amends his complaint, Defendant Lamont will be substituted for the chairperson and full-time members of the Board of Pardons and Paroles: Jennifer Medina Zaccagnini, Rufaro Berry, Joy Chance, Michael Pohl, Nancy Turner, Deborah Smith-Palmieri, Sergio Rodriguez, Robert Cizauskas, Aileen Keays, and Alex Tsarkov.