# Exhibit 2

P.A. 15-84



*Senate Bill No. 796*

# *Public Act No. 15-84*

### *AN ACT CONCERNING LENGTHY SENTENCES FOR CRIMES COMMITTED BY A CHILD OR YOUTH AND THE SENTENCING OF A CHILD OR YOUTH CONVICTED OF CERTAIN FELONY OFFENSES.*

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. Section 54-125a of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2015*):

(a) A person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or [aggregate] total effective sentence of more than two years, and who has been confined under such sentence or sentences for not less than one-half of the [aggregate] total effective sentence less any risk reduction credit earned under the provisions of section 18-98e or one-half of the most recent sentence imposed by the court less any risk reduction credit earned under the provisions of section 18-98e, whichever is greater, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which the person is confined, if (1) it appears from all available information, including any reports from the Commissioner of Correction that the panel may require, that there is a reasonable probability that such inmate will live and remain at liberty without

*Senate Bill No. 796*

violating the law, and (2) such release is not incompatible with the welfare of society. At the discretion of the panel, and under the terms and conditions as may be prescribed by the panel including requiring the parolee to submit personal reports, the parolee shall be allowed to return to the parolee's home or to reside in a residential community center, or to go elsewhere. The parolee shall, while on parole, remain under the jurisdiction of the board until the expiration of the maximum term or terms for which the parolee was sentenced less any risk reduction credit earned under the provisions of section 18-98e. Any parolee released on the condition that the parolee reside in a residential community center may be required to contribute to the cost incidental to such residence. Each order of parole shall fix the limits of the parolee's residence, which may be changed in the discretion of the board and the Commissioner of Correction. Within three weeks after the commitment of each person sentenced to more than two years, the state's attorney for the judicial district shall send to the Board of Pardons and Paroles the record, if any, of such person.

(b) (1) No person convicted of any of the following offenses, which was committed on or after July 1, 1981, shall be eligible for parole under subsection (a) of this section: (A) Capital felony, as provided under the provisions of section 53a-54b, as amended by this act, in effect prior to April 25, 2012, (B) murder with special circumstances, as provided under the provisions of section 53a-54b, as amended by this act, in effect on or after April 25, 2012, (C) felony murder, as provided in section 53a-54c, (D) arson murder, as provided in section 53a-54d, as amended by this act, (E) murder, as provided in section 53a-54a, as amended by this act, or (F) aggravated sexual assault in the first degree, as provided in section 53a-70a. (2) A person convicted of (A) a violation of section 53a-100aa or 53a-102, or (B) an offense, other than an offense specified in subdivision (1) of this subsection, where the underlying facts and circumstances of the offense involve the use, attempted use or threatened use of physical force against another

*Senate Bill No. 796*

person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed.

(c) The Board of Pardons and Paroles shall, not later than July 1, 1996, adopt regulations in accordance with chapter 54 to ensure that a person convicted of an offense described in subdivision (2) of subsection (b) of this section is not released on parole until such person has served eighty-five per cent of the definite sentence imposed by the court. Such regulations shall include guidelines and procedures for classifying a person as a violent offender that are not limited to a consideration of the elements of the offense or offenses for which such person was convicted.

(d) The Board of Pardons and Paroles may hold a hearing to determine the suitability for parole release of any person whose eligibility for parole release is not subject to the provisions of subsection (b) of this section upon completion by such person of seventy-five per cent of such person's definite or [aggregate] total effective sentence less any risk reduction credit earned under the provisions of section 18-98e. An employee of the board or, if deemed necessary by the chairperson, a panel of the board shall assess the suitability for parole release of such person based on the following standards: (1) Whether there is reasonable probability that such person will live and remain at liberty without violating the law, and (2) whether the benefits to such person and society that would result from such person's release to community supervision substantially outweigh the benefits to such person and society that would result from such person's continued incarceration. If a hearing is held, and if the board determines that continued confinement is necessary, the board shall articulate for the record the specific reasons why such person and the public would not benefit from such person serving a period of parole supervision while transitioning from incarceration to

*Senate Bill No. 796*

the community. If a hearing is not held, the board shall document the specific reasons for not holding a hearing and provide such reasons to such person. No person shall be released on parole without receiving a hearing. The decision of the board under this subsection shall not be subject to appeal.

(e) The Board of Pardons and Paroles may hold a hearing to determine the suitability for parole release of any person whose eligibility for parole release is subject to the provisions of subdivision (2) of subsection (b) of this section upon completion by such person of eighty-five per cent of such person's definite or [aggregate] total effective sentence. An employee of the board or, if deemed necessary by the chairperson, a panel of the board shall assess the suitability for parole release of such person based on the following standards: (1) Whether there is a reasonable probability that such person will live and remain at liberty without violating the law, and (2) whether the benefits to such person and society that would result from such person's release to community supervision substantially outweigh the benefits to such person and society that would result from such person's continued incarceration. If a hearing is held, and if the board determines that continued confinement is necessary, the board shall articulate for the record the specific reasons why such person and the public would not benefit from such person serving a period of parole supervision while transitioning from incarceration to the community. If a hearing is not held, the board shall document the specific reasons for not holding a hearing and provide such reasons to such person. No person shall be released on parole without receiving a hearing. The decision of the board under this subsection shall not be subject to appeal.

(f) (1) Notwithstanding the provisions of subsections (a) to (e), inclusive, of this section, a person convicted of one or more crimes committed while such person was under eighteen years of age, who is

*Senate Bill No. 796*

incarcerated on or after October 1, 2015, and who received a definite sentence or total effective sentence of more than ten years for such crime or crimes prior to, on or after October 1, 2015, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater, or (B) if such person is serving a sentence of more than fifty years, such person shall be eligible for parole after serving thirty years. Nothing in this subsection shall limit a person's eligibility for parole release under the provisions of subsections (a) to (e), inclusive, of this section if such person would be eligible for parole release at an earlier date under any of such provisions.

(2) The board shall apply the parole eligibility rules of this subsection only with respect to the sentence for a crime or crimes committed while a person was under eighteen years of age. Any portion of a sentence that is based on a crime or crimes committed while a person was eighteen years of age or older shall be subject to the applicable parole eligibility, suitability and release rules set forth in subsections (a) to (e), inclusive, of this section.

(3) Whenever a person becomes eligible for parole release pursuant to this subsection, the board shall hold a hearing to determine such person's suitability for parole release. At least twelve months prior to such hearing, the board shall notify the office of Chief Public Defender, the appropriate state's attorney, the Victim Services Unit within the Department of Correction, the Office of the Victim Advocate and the Office of Victim Services within the Judicial Department of such person's eligibility for parole release pursuant to this subsection. The office of Chief Public Defender shall assign counsel for such person pursuant to section 51-296 if such person is indigent. At any hearing to

*Senate Bill No. 796*

determine such person's suitability for parole release pursuant to this subsection, the board shall permit (A) such person to make a statement on such person's behalf, (B) counsel for such person and the state's attorney to submit reports and other documents, and (C) any victim of the crime or crimes to make a statement pursuant to section 54-126a. The board may request testimony from mental health professionals or other relevant witnesses, and reports from the Commissioner of Correction or other persons, as the board may require. The board shall use validated risk assessment and needs assessment tools and its risk-based structured decision making and release criteria established pursuant to subsection (d) of section 54-124a in making a determination pursuant to this subsection.

(4) After such hearing, the board may allow such person to go at large on parole with respect to any portion of a sentence that was based on a crime or crimes committed while such person was under eighteen years of age if the board finds that such parole release would be consistent with the factors set forth in subdivisions (1) to (4), inclusive, of subsection (c) of section 54-300 and if it appears, from all available information, including, but not limited to, any reports from the Commissioner of Correction, that (A) there is a reasonable probability that such person will live and remain at liberty without violating the law, (B) the benefits to such person and society that would result from such person's release to community supervision substantially outweigh the benefits to such person and society that would result from such person's continued incarceration, and (C) such person has demonstrated substantial rehabilitation since the date such crime or crimes were committed considering such person's character, background and history, as demonstrated by factors, including, but not limited to, such person's correctional record, the age and circumstances of such person as of the date of the commission of the crime or crimes, whether such person has demonstrated remorse and increased maturity since the date of the commission of the crime or

crimes, such person's contributions to the welfare of other persons through service, such person's efforts to overcome substance abuse, addiction, trauma, lack of education or obstacles that such person may have faced as a child or youth in the adult correctional system, the opportunities for rehabilitation in the adult correctional system and the overall degree of such person's rehabilitation considering the nature and circumstances of the crime or crimes.

(5) After such hearing, the board shall articulate for the record its decision and the reasons for its decision. If the board determines that continued confinement is necessary, the board may reassess such person's suitability for a new parole hearing at a later date to be determined at the discretion of the board, but not earlier than two years after the date of its decision.

(6) The decision of the board under this subsection shall not be subject to appeal.

[(f)] (g) Any person released on parole under this section shall remain in the custody of the Commissioner of Correction and be subject to supervision by personnel of the Department of Correction during such person's period of parole.

Sec. 2. (NEW) (*Effective October 1, 2015*) (a) If the case of a child, as defined in section 46b-120 of the general statutes, is transferred to the regular criminal docket of the Superior Court pursuant to section 46b-127 of the general statutes, as amended by this act, and the child is convicted of a class A or B felony pursuant to such transfer, at the time of sentencing, the court shall:

(1) Consider, in addition to any other information relevant to sentencing, the defendant's age at the time of the offense, the hallmark features of adolescence, and any scientific and psychological evidence showing the differences between a child's brain development and an

**Senate Bill No. 796**

adult's brain development; and

(2) Consider, if the court proposes to sentence the child to a lengthy sentence under which it is likely that the child will die while incarcerated, how the scientific and psychological evidence described in subdivision (1) of this subsection counsels against such a sentence.

(b) Notwithstanding the provisions of section 54-91a of the general statutes, no presentence investigation or report may be waived with respect to a child convicted of a class A or B felony. Any presentence report prepared with respect to a child convicted of a class A or B felony shall address the factors set forth in subparagraphs (A) to (D), inclusive, of subdivision (1) of subsection (a) of this section.

(c) Whenever a child is sentenced pursuant to subsection (a) of this section, the court shall indicate the maximum period of incarceration that may apply to the child and whether the child may be eligible to apply for release on parole pursuant to subdivision (1) of subsection (f) of section 54-125a of the general statutes, as amended by this act.

(d) The Court Support Services Division of the Judicial Branch shall compile reference materials relating to adolescent psychological and brain development to assist courts in sentencing children pursuant to this section.

Sec. 3. Subsection (c) of section 46b-127 of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2015*):

(c) Upon the effectuation of the transfer, such child shall stand trial and be sentenced, if convicted, as if such child were eighteen years of age, subject to the provisions of section 2 of this act. Such child shall receive credit against any sentence imposed for time served in a juvenile facility prior to the effectuation of the transfer. A child who has been transferred may enter a guilty plea to a lesser offense if the

*Senate Bill No. 796*

court finds that such plea is made knowingly and voluntarily. Any child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume such child's status as a juvenile regarding such offense. If the action is dismissed or nolled or if such child is found not guilty of the charge for which such child was transferred or of any lesser included offenses, the child shall resume such child's status as a juvenile until such child attains the age of eighteen years.

Sec. 4. Subsection (f) of section 46b-133c of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2015*):

(f) Whenever a proceeding has been designated a serious juvenile repeat offender prosecution pursuant to subsection (b) of this section and the child does not waive such child's right to a trial by jury, the court shall transfer the case from the docket for juvenile matters to the regular criminal docket of the Superior Court. Upon transfer, such child shall stand trial and be sentenced, if convicted, as if such child were eighteen years of age, subject to the provisions of section 2 of this act, except that no such child shall be placed in a correctional facility but shall be maintained in a facility for children and youths until such child attains eighteen years of age or until such child is sentenced, whichever occurs first. Such child shall receive credit against any sentence imposed for time served in a juvenile facility prior to the effectuation of the transfer. A child who has been transferred may enter a guilty plea to a lesser offense if the court finds that such plea is made knowingly and voluntarily. Any child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume such child's status as a juvenile regarding such offense. If the action is dismissed or nolled or if such child is found not guilty of the charge for which such child was transferred, the child shall resume such child's status as a juvenile until such child attains eighteen years of age.

*Public Act No. 15-84*                                        ***9*** *of 16*

**Senate Bill No. 796**

Sec. 5. Subsection (f) of section 46b-133d of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2015*):

(f) When a proceeding has been designated a serious sexual offender prosecution pursuant to subsection (c) of this section and the child does not waive the right to a trial by jury, the court shall transfer the case from the docket for juvenile matters to the regular criminal docket of the Superior Court. Upon transfer, such child shall stand trial and be sentenced, if convicted, as if such child were eighteen years of age, subject to the provisions of section 2 of this act, except that no such child shall be placed in a correctional facility but shall be maintained in a facility for children and youths until such child attains eighteen years of age or until such child is sentenced, whichever occurs first. Such child shall receive credit against any sentence imposed for time served in a juvenile facility prior to the effectuation of the transfer. A child who has been transferred may enter a guilty plea to a lesser offense if the court finds that such plea is made knowingly and voluntarily. Any child transferred to the regular criminal docket who pleads guilty to a lesser offense shall not resume such child's status as a juvenile regarding such offense. If the action is dismissed or nolled or if such child is found not guilty of the charge for which such child was transferred, the child shall resume such child's status as a juvenile until such child attains eighteen years of age.

Sec. 6. Section 53a-46a of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2015, and applicable to any person convicted prior to, on or after said date*):

(a) A person shall be subjected to the penalty of death for a capital felony committed prior to April 25, 2012, under the provisions of section 53a-54b, as amended by this act, in effect prior to April 25, 2012, only if (1) a hearing is held in accordance with the provisions of this section, and (2) such person was eighteen years of age or older at

*Senate Bill No. 796*

the time the offense was committed.

(b) For the purpose of determining the sentence to be imposed when a defendant is convicted of or pleads guilty to a capital felony, the judge or judges who presided at the trial or before whom the guilty plea was entered shall conduct a separate hearing to determine the existence of any mitigating factor concerning the defendant's character, background and history, or the nature and circumstances of the crime, and any aggravating factor set forth in subsection (i) of this section. Such hearing shall not be held if the state stipulates that none of the aggravating factors set forth in subsection (i) of this section exists or that any factor set forth in subsection (h) of this section exists. Such hearing shall be conducted (1) before the jury [which] that determined the defendant's guilt, or (2) before a jury impaneled for the purpose of such hearing if (A) the defendant was convicted upon a plea of guilty; (B) the defendant was convicted after a trial before three judges as provided in subsection (b) of section 53a-45; or (C) if the jury [which] that determined the defendant's guilt has been discharged by the court for good cause, or (3) before the court, on motion of the defendant and with the approval of the court and the consent of the state.

(c) In such hearing the court shall disclose to the defendant or his counsel all material contained in any presentence report [which] that may have been prepared. No presentence information withheld from the defendant shall be considered in determining the existence of any mitigating or aggravating factor. Any information relevant to any mitigating factor may be presented by either the state or the defendant, regardless of its admissibility under the rules governing admission of evidence in trials of criminal matters, but the admissibility of information relevant to any of the aggravating factors set forth in subsection (i) of this section shall be governed by the rules governing the admission of evidence in such trials. The state and the defendant shall be permitted to rebut any information received at the hearing and

***Senate Bill No. 796***

shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any mitigating or aggravating factor. The burden of establishing any of the aggravating factors set forth in subsection (i) of this section shall be on the state. The burden of establishing any mitigating factor shall be on the defendant.

(d) In determining whether a mitigating factor exists concerning the defendant's character, background or history, or the nature and circumstances of the crime, pursuant to subsection (b) of this section, the jury or, if there is no jury, the court shall first determine whether a particular factor concerning the defendant's character, background or history, or the nature and circumstances of the crime, has been established by the evidence, and shall determine further whether that factor is mitigating in nature, considering all the facts and circumstances of the case. Mitigating factors are such as do not constitute a defense or excuse for the capital felony of which the defendant has been convicted, but which, in fairness and mercy, may be considered as tending either to extenuate or reduce the degree of his culpability or blame for the offense or to otherwise constitute a basis for a sentence less than death.

(e) The jury or, if there is no jury, the court shall return a special verdict setting forth its findings as to the existence of any factor set forth in subsection (h) of this section, the existence of any aggravating factor or factors set forth in subsection (i) of this section and whether any aggravating factor or factors outweigh any mitigating factor or factors found to exist pursuant to subsection (d) of this section.

(f) If the jury or, if there is no jury, the court finds that (1) none of the factors set forth in subsection (h) of this section exist, (2) one or more of the aggravating factors set forth in subsection (i) of this section exist and (3) (A) no mitigating factor exists or (B) one or more mitigating factors exist but are outweighed by one or more

***Public Act No. 15-84***                                      ***12*** *of 16*

***Senate Bill No. 796***

aggravating factors set forth in subsection (i) <u>of this section</u>, the court shall sentence the defendant to death.

(g) If the jury or, if there is no jury, the court finds that (1) any of the factors set forth in subsection (h) <u>of this section</u> exist, or (2) none of the aggravating factors set forth in subsection (i) <u>of this section</u> exists, or (3) one or more of the aggravating factors set forth in subsection (i) <u>of this section</u> exist and one or more mitigating factors exist, but the one or more aggravating factors set forth in subsection (i) <u>of this section</u> do not outweigh the one or more mitigating factors, the court shall impose a sentence of life imprisonment without the possibility of release.

(h) The court shall not impose the sentence of death on the defendant if the jury or, if there is no jury, the court finds by a special verdict, as provided in subsection (e) <u>of this section</u>, that at the time of the offense (1) the defendant was **[**under the age of eighteen years, or (2) the defendant was**]** a person with intellectual disability, as defined in section 1-1g, or **[**(3)**]** <u>(2)</u> the defendant's mental capacity was significantly impaired or the defendant's ability to conform the defendant's conduct to the requirements of law was significantly impaired but not so impaired in either case as to constitute a defense to prosecution, or **[**(4)**]** <u>(3)</u> the defendant was criminally liable under sections 53a-8, 53a-9 and 53a-10 for the offense, which was committed by another, but the defendant's participation in such offense was relatively minor, although not so minor as to constitute a defense to prosecution, or **[**(5)**]** <u>(4)</u> the defendant could not reasonably have foreseen that the defendant's conduct in the course of commission of the offense of which the defendant was convicted would cause, or would create a grave risk of causing, death to another person.

(i) The aggravating factors to be considered shall be limited to the following: (1) The defendant committed the offense during the commission or attempted commission of, or during the immediate flight from the commission or attempted commission of, a felony and

***Public Act No. 15-84***                                             ***13*** *of 16*

*Senate Bill No. 796*

the defendant had previously been convicted of the same felony; or (2) the defendant committed the offense after having been convicted of two or more state offenses or two or more federal offenses or of one or more state offenses and one or more federal offenses for each of which a penalty of more than one year imprisonment may be imposed, which offenses were committed on different occasions and which involved the infliction of serious bodily injury upon another person; or (3) the defendant committed the offense and in such commission knowingly created a grave risk of death to another person in addition to the victim of the offense; or (4) the defendant committed the offense in an especially heinous, cruel or depraved manner; or (5) the defendant procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value; or (6) the defendant committed the offense as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value; or (7) the defendant committed the offense with an assault weapon, as defined in section 53-202a; or (8) the defendant committed the offense set forth in subdivision (1) of section 53a-54b, as amended by this act, to avoid arrest for a criminal act or prevent detection of a criminal act or to hamper or prevent the victim from carrying out any act within the scope of the victim's official duties or to retaliate against the victim for the performance of the victim's official duties.

Sec. 7. Section 53a-54b of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2015, and applicable to any person convicted prior to, on or after said date*):

A person is guilty of murder with special circumstances who is convicted of any of the following and was eighteen years of age or older at the time of the offense: (1) Murder of a member of the Division of State Police within the Department of Emergency Services and Public Protection or of any local police department, a chief inspector or inspector in the Division of Criminal Justice, a state marshal who is

*Senate Bill No. 796*

exercising authority granted under any provision of the general statutes, a judicial marshal in performance of the duties of a judicial marshal, a constable who performs criminal law enforcement duties, a special policeman appointed under section 29-18, a conservation officer or special conservation officer appointed by the Commissioner of Energy and Environmental Protection under the provisions of section 26-5, an employee of the Department of Correction or a person providing services on behalf of said department when such employee or person is acting within the scope of such employee's or person's employment or duties in a correctional institution or facility and the actor is confined in such institution or facility, or any firefighter, while such victim was acting within the scope of such victim's duties; (2) murder committed by a defendant who is hired to commit the same for pecuniary gain or murder committed by one who is hired by the defendant to commit the same for pecuniary gain; (3) murder committed by one who has previously been convicted of intentional murder or of murder committed in the course of commission of a felony; (4) murder committed by one who was, at the time of commission of the murder, under sentence of life imprisonment; (5) murder by a kidnapper of a kidnapped person during the course of the kidnapping or before such person is able to return or be returned to safety; (6) murder committed in the course of the commission of sexual assault in the first degree; (7) murder of two or more persons at the same time or in the course of a single transaction; or (8) murder of a person under sixteen years of age.

Sec. 8. Section 53a-54d of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2015, and applicable to any person convicted prior to, on or after said date*):

A person is guilty of murder when, acting either alone or with one or more persons, he commits arson and, in the course of such arson, causes the death of a person. Notwithstanding any other provision of

**Senate Bill No. 796**

the general statutes, any person convicted of murder under this section <u>who was eighteen years of age or older at the time of the offense</u> shall be punished by life imprisonment and shall not be eligible for parole.

Sec. 9. Subsection (c) of section 53a-54a of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2015, and applicable to any person convicted prior to, on or after said date*):

(c) Murder is punishable as a class A felony in accordance with subdivision (2) of section 53a-35a unless it is <u>(1)</u> a capital felony committed prior to April 25, 2012, <u>by a person who was eighteen years of age or older at the time of the offense,</u> punishable in accordance with subparagraph (A) of subdivision (1) of section 53a-35a, <u>(2)</u> murder with special circumstances committed on or after April 25, 2012, <u>by a person who was eighteen years of age or older at the time of the offense,</u> punishable as a class A felony in accordance with subparagraph (B) of subdivision (1) of section 53a-35a, or <u>(3)</u> murder under section 53a-54d<u>, as amended by this act, committed by a person who was eighteen years of age or older at the time of the offense</u>.

Sec. 10. (*Effective October 1, 2015*) The Connecticut Sentencing Commission established pursuant to section 54-300 of the general statutes shall study how victims may be notified of the parole eligibility laws and any other release mechanisms governing cases where a person is convicted of one or more crimes and receives a definite sentence or total effective sentence of more than two years for such crime or crimes. The commission shall report such study, including recommendations for legislation, if any, to the joint standing committee of the General Assembly having cognizance of matters relating to the judiciary not later than February 1, 2016.

Approved June 23, 2015

*Public Act No. 15-84*                                                     *16* of 16