# Exhibit 3

P.A. 23-169 Joint Favorable Report

# Judiciary Committee
# JOINT FAVORABLE REPORT


**Bill No.:** SB-952

**Title:** AN ACT CONCERNING PAROLE ELIGIBILITY FOR AN INDIVIDUAL SERVING A LENGTHY SENTENCE FOR A CRIME COMMITTED BEFORE THE INDIVIDUAL REACHED THE AGE OF TWENTY-FIVE.

**Vote Date:** 3/27/2023

**Vote Action:** Joint Favorable

**PH Date:** 3/22/2023

**File No.:**


***Disclaimer:*** *The following JOINT FAVORABLE Report is prepared for the benefit of the members of the General Assembly, solely for purposes of information, summarization and explanation and does not represent the intent of the General Assembly or either chamber thereof for any purpose.*


**SPONSORS OF BILL:**

Judiciary Committee

**REASONS FOR BILL:**

In Connecticut, individuals serving sentences of more than ten years for crimes committee before the age of 18 are currently granted the opportunity to have their youth, at the time of the crime, considered by the Board of Pardons and Paroles.  This proposal would raise that age to 25, to make the law consistent with neuroscience that establishes that the human brain is still developing until a person's mid-twenties.

**RESPONSE FROM ADMINISTRATION/AGENCY:**

***Judicial Branch, External Affairs Division:*** The Judicial Branch raises concern at the number of individuals who will need to be notified of their new potential parole eligibility, and therefore significant resources will be required to ensure that all impacted by this bill are informed of the fact.

***Carleton Giles, Chairperson, Board of Pardons and Paroles:*** The Chairperson supports the language in section 2(f).

***Patrick Griffin, Chief States Attorney, Division of Criminal Justice:*** The Chief States Attorney opposes the bill, with note that the 2015 bill providing under 18s with the right to a parole hearing was done in part to conform with the Supreme Court ruling in *Miller v. Alabama (2012)*, and the subsequent expansions. They disagree with any legal or scientific justification to expand the program to 25, noting that such a change might erode plea bargains. The Chief States Attorney requests that no action be taken on this topic.

***Natasha Pierre, State Victim Advocate:*** The State Victim Advocate opposes the bill because they believe that the science concerning brain development is not settled, and the expansion to the age of 25 is therefore not justified.

***Deborah Sullivan, Legal Counsel, Office of the Chief Public Defender:*** The Office of the Chief Public Defender supports the bill because the age of majority is inconsistent between criminal law and rights and responsibilities. The testifier notes that the bill does not guarantee release, but instead grants a hearing for young offenders after sufficient time has elapsed. Finally, the testifier notes the science concerning developing brains and the Supreme Court rulings which shape juvenile sentencing with respect to the eighth amendment.


## NATURE AND SOURCES OF SUPPORT:

***Alex Tsarkov, Executive Director, CT Sentencing Commission:*** The testifier notes the relevant legislation currently enforced and the Supreme Court rulings which have been impactful in the current regulations. The testifier notes that on a vote to support the increase of current legislation from 18 to 21 for further consideration of crimes committed below that age, the commission voted in favor with a 9-6 vote. Finally, the testimony notes that there has been similar legislation passed in other states, expressing support for Connecticut aligning parole status with modern brain science.

***Mary Ames:*** The testifier supports the bill from her experience working with women in York Correctional Institute with the WORTH program. The testifier notes that neuroscience has guided our knowledge of brain development, and how those under the age of 25 are susceptible to impulsive behaviors they grow out of.

***Bahar Bouzarjomehri, Co-Project Head, Full Citizens Coalition:*** The testifier supports the bill for its potential to reunite families. The testifier notes the instability families who are split by incarceration experience, and the suffering which it causes children. The testifier also supports the bill for its second chance policy, as individuals who committed a crime whilst immature with undeveloped brains are deserving of a second hearing. The testifier addresses concerns by noting this is not automated release, but a hearing where all relevant evidence can be heard.

***Kenneth Brown, Abolition Ummah:*** The testifier supports the bill from their experience incarcerated in Cybulski Reintegration Center. The testifier supports the required mental health and addiction services the parolees need to prevent recidivism.

***BJ Casey, Bernard College, Professor of Neuroscience:*** The testifier provides a summary of the current literature concerning neuroscience and the development of the brain. The testifier notes that youth brains are particularly susceptible to risk taking, and that developments in the late teens to mid-twenties allow for significant behavioral changes. The testifier further addresses brain plasticity, and the extent to which new habits and personalities are learned at a greater rate in adolescent brains. The testifier takes particular interest with the trait of conscientiousness, which is understood to undergo significant change between the ages of 22 and 40.

***Chapman Clinique, Associate Director, Vera Institute of Justice, Restoring Promise Initiative:*** The testifier supports the potential financial savings made by releasing individuals who no longer pose a risk to society. The testifier further supports the incarcerated rehabilitation programs offered on the inside, and the high levels of personal development inmates make, especially at an early age. The testifier concludes with notes on the levels of racial incarceration, with 13.5 times higher probability of incarceration for black youths than white youths.

***Terrance Corbett:*** The testifier supports the bill, with personally being sentenced at the age of 18 to 15 years in prison and having a personal brain development over the first three years incarcerated.

***Robert Cusano:*** The testifier opposes the old mantra "if you are old enough to do the crime, you are old enough to do the time", with note that brain science has come far, and the Supreme Court found it unconstitutional to give under 18s life without parole under the belief that children are capable of change.

***Mateas Dacosta, Connecticut Justice Alliance:*** The testifier supports the bill as they were sentenced to 29 years at the age of 20. It is their belief that they are no longer the same person they were after just 5 years, and they believe that they should have the opportunity to have their sentence reduced. The testifier notes their current mentee status in the TRUE unit, and the progress this has allowed them to make.

***James Davis III, Connecticut Justice Alliance:*** As a mentor with the TRUE program, the testifier is intimately familiar with cases of youth who are incarcerated and the poor decision making which their brains facilitate. The testifier supports the bill as it provides the incarcerated with an opportunity to show their personal growth and change; the testifier personally grew significantly during their time in prison, gaining both an associate's degree and bachelor's degree in Philosophy and English.

***Jason Dematteo, Connecticut Justice Alliance:*** The testifier personally served 7 ½ years for a crime committed at 21, with brain development a major factor in their personality which led them to committing the crime. The testifier believes that drawing a line at 25 makes more sense on a scientific level.

***Sydney Daniels, Yale Law School, Criminal Justice Advocacy:*** The testifier discusses data concerning the brain science for adolescents, with higher brain plasticity allowing for greater personality changes at young ages. The testifier acknowledges the TRUE Unit in Cheshire Correctional Institution, and the progress which inmates have made in their personal growth. The testifier raises concern at the number of black youths incarcerated in Connecticut, with a rate 13.5 times that of white youths. The testifier argues that parole helps to decrease crime, with elimination of parole being linked to larger prison populations, higher rates of recidivism, and lower rehabilitation program attendance. The testifier notes that a similar proposal in California resulted in only a 0.6% reoffence rate within two years, compared to a 35% rate for the general population. The testifier puts their trust in the Board of Pardons and Paroles, who have the training and technical knowledge to apply corrections in a nuanced and individualized manner.

***Andrew Dickson, Connecticut Justice Alliance:*** The testifier is currently 12 years into a 17-year sentence, with significant progress made on a personal level. The testifier has obtained an associates degree and is currently progressing to a bachelors degree from Wesleyan College. The testifier notes the TRUE unit recidivism rate of just 20% and the brain science backing up under 25s being capable of significant change.

***Princess Dickson:*** The testifier notes the impact the incarceration of Andrew Dickson made on his son, Alijah. The testifier notes that Andrew has matured significantly in prison and has made great educational progress; it is their wish he be released so that he might be able to help raise his now 13-year-old son.

***Taicusn Digsby:*** The testifier supports looking into cases for individuals under the age of 25 at the time of their crime, as brain development is not finished yet and they may have aged out of delinquency. The testifier notes the process does not guarantee release, just provides a hearing.

***Claire Dow, Yale Undergraduate Prison Project:*** The testifier notes the impact that having a parent incarcerated has on children, with financial, educational, social, and mental issues associated with it. The testifier notes that youths between the ages of 14 and 16 can be tried as adults, despite holding limited rights. The testifier also acknowledges the Board of Pardons and Paroles for commuting 11 cases of individuals before the age of 25 for crimes committed in their youth on the grounds that they underwent significant brain changes.

***Chloe Dysart, Center for Children's Advocacy:*** The testifier notes the current law and the stipulations concerning those sentenced below the age of 18, and the period served to be eligible for a parole hearing. The testifier supports the expansion of these regulations to the age of 25. Concerning Supreme Court recognition of youth offenders, the testifier notes the start with the Roper case which announced the violation of the 8th amendment with execution of juveniles due to their lesser culpability and greater capacity for rehabilitation. This interpretation expanded to life without parole cases for non-homicide crimes, expanded to all crimes with the Miller case. The testifier notes the scientific advances which informed these decisions, and the states across the country which have introduced their own regulations concerning children.

***Darnell Epps, Criminal Justice Advocacy Clinic:*** The testifier was convicted at 20, with a low chance of parole. They dedicated themselves to earning their GED and enrolled in Cornell's Prison Education Program.  When New York's parole laws were changed in 2011, it put them on a path to parole in 2016. They graduated in 2020 and were accepted to Yale Law School. It is their belief that without the reforms to parole, their potential would have remained trapped in the prison system, unable to rejoin society as a productive individual.

***Dr. Eric Frazer, Assistant Clinical Professor, Yale School of Medicine:*** The testifier studied the developmental factors in adolescence. Research has shown that youth continue to develop well into their early adulthood, with impulse control, planning, risk evaluation, and emotional regulation all being important factors in their behavior. The testifier supports the extension of parole eligibility to 25, as it acknowledges these changes and the impact that a few years can have on individuals' capacity for rehabilitation.

**_Jeannia Fu, PhD:_** The testifier provides a series of excerpts from letters sent from incarcerated individuals across Connecticut, with many individuals expressing remorse for their crimes and their support for the bill. The testifier pays particular attention to the ability for the bill to reconnect families.

**_Daniel Gibson:_** The testifier supports the bill, given their personal experience being imprisoned from the age of 21 to the age of 41 and how their behavior has changed over such time.

**_Brigid Gilhooly:_** The testifier supports the relief which this bill would bring their son, who was sentenced to 35 years at the age of 18. Having served 24 years, she believes her son has matured and can be a productive member of society.

**_Tamika Gilhooly:_** The testifier supports the bill to provide relief for their husband, who is 24 years into his sentence. The testifier notes his completion of his GED and consistent employment maintained throughout his years inside.

**_Molly Gill, Vice President of Policy, FAMM:_** The testifier supports the science which shows individuals below the age of 25 are likely to grow out of their delinquency as they age. The testifier draws attention to the Board of Pardons and Parole, who commuted 11 sentences of individuals who committed their crimes before the age of 25 and did so in part because of the understanding the brain continues to develop into adulthood. The testifier notes the racial disparity, with black youth 13.5 times more likely to be incarcerated than white youths; greater parole would help to reduce this. The testifier raises the low recidivism rates for those paroled in California after a similar initiative was taken, with less than 1% of parolees returning to prisons. Finally, the testifier notes the high levels of popular support for helping youth in prison.

**_Karon Grimes, Connecticut Justice Alliance:_** The testifier supports the bill because of their experience going through the corrections system at the age of 17. Despite not being impacted by the passage of this bill, it is their belief that the science backs up a review of the age at which we think of offenders as adult, with those under 25 still developing.

**_Dr Lori Gruen, Professor of Philosophy and Science, Wesleyan University:_** Having taught 12 courses to incarcerated students for the past 13 years, the testifier notes the changes in personality many inmates have compared to when they entered the facility. The testifier believes it would be a shame to continue to deprive them of rejoining society.

**_Kelly Guerra:_** The testifier supports the bill as their significant other has made great progress whilst being in prison, and they believe that they deserve a second chance, having committed the crime at 21 years of age. The testifier notes the science behind the prefrontal cortex (responsible for decision-making and impulse control) not finishing developing until our mid-twenties. The testifier also notes the societal pressures imposed on young adults, and the circumstances which may lead someone to act rashly when they otherwise wouldn't. The testifier believes that with sufficient resources, many young detainees can be rehabilitated and returned as productive members of society.

**_Mila Guevara, Law Clerk, Alexander T. Taubes Law Firm:_** The testifier supports the bill, as many of the clients who the testifier has worked with speak to the science of age and the

immaturity the brain has until at least the age of 25. The testifier notes the 11 individuals released by the Board of Pardons and Paroles under the reasoning they were young and were mentally immaturity. The testifier notes the success of the Incarceration Reduction Amendment Act in Washington DC. The testifier also notes the racial disparity in Connecticut prisons, with 13.5 times more black youths than white youths. Finally, the testifier notes the popular support for helping youths in prison.

**_Kyshawn Gunn:_** The testifier supports the bill because they have not seen their son in three years because of his 75-year sentence, with note to how important it is for children to grow up with their father, which they personally never had.

**_Tracie Guzman, Leader with the Smart Justice Program, ACLU:_** The testifier supports the bill after their experience in prison for 23 years, starting at the age of 19. The testifier recounts their background, with a dysfunctional childhood and the depression they experienced when they went to prison. The testifier notes that adolescents' brains continue to develop until the age of 26, and therefore it is important they are offered a review once sufficient time has passed.

**_Seana Hart:_** The testifier supports the bill because they believe that the inmate David Haywood deserves a second chance after having made significant progress in their development over the past 20 years. The testifier notes that there are many others who have made similar progress, and therefore there should be a process to help them.

**_Stanley Heller:_** The testifier supports the bill, as they have worked as a teacher for four decades and know the change in personality people have at this time.

**_Isschar Howard, Connecticut Justice Alliance:_** The testifier has worked with individuals through the TRUE program and made significant contributions to both their and others' lives. They believe the science concerning brain development to be true and wish to be allowed to show their redeeming qualities off in a hearing.

**_Nicholas Hulme, Connecticut Justice Alliance:_** The testifier notes that the prefrontal cortex does not stop developing before the age of 25 and that the bill only offers a chance at parole, not unconditional release. The testifier notes their personal progress made in the TRUE unit, and the educational gains they have made at Wesleyan College. Finally, the testifier notes their personal addiction story and the responsibility they take for it.

**_Ibrahim Khalid:_** The testifier has been incarcerated from the age of 22 to 53 and has matured significantly over that time. The testifier notes that their immaturity led them to prison, and that being behind bars had very probably saved their life by allowing them to mature into a man. The testifier believes that given the age at which they committed the crime, it would be best for them to be given a second chance to prove their growth as a human.

**_Darren Johnson, Connecticut Justice Alliance:_** The testifier supports the bill because they have grown significantly since they were incarcerated at the age of 22.

***James Johnson, Connecticut Justice Alliance:*** The testifier believes that young people should not be sentenced to the same length of time as older adults as their brains are not fully developed.

***Joette Katz:*** The testifier has a long and varied legal history informing their belief that those under the age of 25 should be given a second hearing. The testifier notes that judges are not prescient and therefore are unable to predict changes in personality caused by brain chemistry. The testifier notes that the Department of Justice views young adult offenders as more like children than they are adults. The testifier discusses individuals who were not given treatment whilst incarcerated, and therefore stuck to the patterns learned before and recidivated soon after leaving.

***Amber Kelly, Associate Professor of Social Work, Quinnipiac University:*** The testifier supports the bill for its extra paths out of the criminal justice system, with many individuals changing during their incarceration, and that it is a disservice to the inmates for them to be locked up without review of their cases.

***Dedan Kot, Connecticut Justice Alliance:*** The testifier supports the bill because of the mental maturity they have undergone over the past three years of incarceration, from the age of 22 to 25. The testifier notes that although this bill would not impact them, it would impact other individuals who have undergone similar development.

***Jamie Mahoney:*** The testifier supports the bill as their husband was six months from his 18th birthday when he committed the crime, and has served 25 years, during which he has personally developed and changed as a person.

***Byron Mark:*** The testifier supports the bill because their brother has been incarcerated since his youth. The brother has written books in prison and his release would allow him a second chance to contribute to the community.

***Ronald Massagli, Connecticut Justice Alliance:*** The testifier was sentenced to 10 ½ years at the age of 15 and knows many inmates who are different than they were in a positive way in the decades since they entered prison. Personally, they believe that they have developed in a positive manner.

***Teri McHale:*** The testifier supports the bill because of their experience working with young offenders. The testifier notes that youth are corrigible and therefore should not be given life sentences. With the understanding that young people do not stop being young when they hit 18, the testifier believes that an expansion of the youth protections makes sense. The testifier also notes the steps taken by the federal government to change the age of consumption of cigarette products to 21.

***Alan McLeod:*** The testifier supports the bill because of their personal growth, and the science which backs it up, in the time since they entered the correctional system. The testifier notes that they are looking for a chance to reenter society.

***Andrew Meisler, Ph.D., Forensic Psychologist, Yale University:*** The testifier notes the scientific consensus developed over the past several decades that the brain does not reach maturity until 25, with recent studies suggesting it may continue until at least 30. The testifier

has studied the development of the brain in the early years of incarceration, and the growth that individuals show until their mid-twenties.

***Michael Merli, Organizer, Abolition Ummah:*** The testifier supports the bill because of their work as a paralegal and the experience they had working with incarcerated individuals, especially the loss of a recent friend who was released to a halfway house and died shortly afterwards.

***Darlene Mongeau:*** The testifier supports the bill because of the experience their son had in the prison system, sentenced at the age of 17 to five years. They further support the impact the bill will have on members of the TRUE system.

***John Montero, Connecticut Justice Alliance:*** The testifier supports the bill for its potential to return fathers to act as mentors for their children.

***Kara Moreau, Attorney, Jacob & Dow:*** The testifier supports the bill, with reference to Supreme Court cases which are cornerstones of the juvenile offender's treatment, as well as the scientific developments which have shown us that brain development is not finished until 25 for risk taking decisions. The testifier also notes the 2017 United States Sentencing Commission report which defined youth offenders as below the age of 25, as well as backing up the findings with the scientific knowledge we have made concerning the brains development.

***Kyle Morrissey, Connecticut Justice Alliance:*** The testifier is currently serving a sentence of 5 years; the testifier expresses their desire to return home to care for their daughter.

***Maddie Neufeld, Instructor, Columbia University:*** The testifier supports the bill in part because of the story of a Mr. Haywood, who was being educated in the Wesleyan program whilst incarcerated and has showed great remorse for the crime he committed at a young age.

***Ode Obataiye:*** The testifier supports the bill because they have grown as a person since their incarceration at the age of 19 in 1995 for a 47-year sentence. The testifier notes that the release is not automated, but a process which allows a review of the sentence.

***Jon Ort, Project M.O.R.E Reentry Welcome Center:*** The testifier notes the number of individuals who have expressed great remorse for their crimes committed at a young age. The testifier supports the capacity for the bill to help reentry into society.

***Steven Parkhurst, Program Coordinator, Freedom Reads:*** The testifier has served 30 years in prison for a crime committed at 17. The testifier supports their original sentencing, however, notes that by 30 they had grown significantly as a person, and therefore would have been able to serve as a dutiful member of society.

***Joan Pesola:*** The testifier notes the Supreme Court ruling in 2005 that juveniles cannot serve life without parole, and the science since then which shows that the brain does not stop developing until at least 25.

**_Kevin Pichardo:_** The testifier supports the bill as an incarcerated 21-year-old, stating that they did not know the consequences of their actions.

**_Malik Price, Connecticut Justice Alliance:_** The testifier believes that under 25s do not always think right and that factor should be considered with their sentencing.

**_Brandon Price:_** The testifier supports release with parole, as it provides guidance and structure to parolees.

**_Christina Quaranta, Executive Director, Connecticut Justice Alliance:_** The testifier supports the bill because of the research showing that adolescent brains do not stop developing until the age of 25, and the growth in mental capacity which has been recognized by the Board of Pardons and Paroles when they commuted the sentences of 11 individuals who had been incarcerated from a young age. The testifier notes the racial disparity in Connecticut prisons, with 13.5 times more black youths being incarcerated than white youths. The testifier also notes the low recidivism rate of the California program instituted in 2016. Finally, the testifier notes that the bill will allow the Board to review cases individually, not as an automated system.

**_Savian Ramos, Connecticut Justice Alliance:_** The testifier supports the bill because they believe under 25s are not able to think rationally; noting that at the age of 16, when they committed their crime, they did not think the same as how they do now.

**_Gail Rapp:_** The testifier supports the bill because of the science suggesting that brain development does not stop until the age of 25, and that those who have been sentenced can help to prevent further young criminals from getting involved in crime.

**_Sakye Reels, Connecticut Justice Alliance:_** The testifier supports the bill after being incarcerated from the age of 20 to 23, and the breadth of knowledge and growth that they have made in those three years. The testifier supports the 60% sentence requirement, as it provides sufficient time to grow as an individual.

**_Daniel Riles:_** The testifier supports the bill, with strong opposition to the discretionary powers granted to the Board of Pardons and Parole, Department of Corrections, and the Judicial Institution itself.

**_Ruby Rivera:_** The testifier supports their son, who was sentenced at a young age, being given a second chance.

**_Keyshla Rodriguez:_** The testifier notes that their brother, who was incarcerated at 20, has changed significantly in the 10 years since and, therefore, deserves a second chance.

**_Josh Rovner, Director, Youth Justice:_** The testifier supported the bill when it was introduced in 2021 and continues to do so. The testifier notes that science does not support the brain changing substantially once the age of 18 is reached. The testifier notes that the bill grants a chance for young offenders to show their growth and development, and have their sentence modified accordingly. The testifier also notes the lower level of recidivism, and the other jurisdictions which are advancing similar policy changes.

***Edwin Ruiz:*** The testifier supports the bill and notes their time in correctional facilities, with the belief that they were not in the right state of mind when they committed the crime.

***Lauren Ruth, Policy Fellow, Connecticut Voices for Children:*** The testifier supports the bill because of the science suggesting that there is a maturity gap between young adults and older adults, with significant cognitive differences in development. The testifier notes that many other jurisdictions have expanded the original Supreme Court verdict to all young adults.

***Joshua Samuel, Connecticut Justice Alliance:*** The testifier supports reconnecting fathers with their children as it is their belief that many criminal issues stem from the home, and therefore this bill would reduce crime.

***Gilfredo Santiago, Connecticut Justice Alliance:*** The testifier is currently 20 years into a 33-year sentence, they have spent the past 6 years mentoring individuals under the T.R.U.E. program. They note that individuals who have nothing to look forwards to whilst in prison are susceptible to giving up, but that if given a future review they are likely to continue to engage.

***Versai Santos, Connecticut Justice Alliance:*** The testifier notes that individuals who are under the age of 25 are still developing, and therefore deserve a second chance.

***Richard Scarso for Edward Falby:*** Having served 44 years for a crime committed in their youth, it is the testifiers belief that the Board of Pardons and Paroles are not valuing the importance of their youth in the decision to deny parole and would like to see it given greater importance. The testifier notes the development the brain undergoes, and how it continues into young adulthood.

***June Seger:*** The testifier supports the bill, with the request that a presumption of release be amended into the bill. The testifier expresses frustration with the high level of activities undertaken in the prison system, yet still being denied parole under the blanket rejection of more time being required.

***Sitar Shah:*** The testifier supports the bill because of the research supporting the continued development of the brain into young adulthood.

***Derrell Soulds:*** The testifier supports the bill for their experience growing and seeing others grow whilst incarcerated, with many becoming upstanding members of the community.

***Clifton Spellman:*** The testifier supports the bill because they were sentenced at a young age, noting that young adult's brains are not fully developed and that the consequences of one's actions are not apparent at that age.

***David Steed, Connecticut Justice Alliance:*** The testifier is currently 34 years into a sentence begun at the age of 18, they state that they did not know right from wrong at the age and that they have developed significantly since then.

***Robin Walker Sterling, Associate Dean for Clinical Education, Northwestern School of Law:*** The testifier supports the bill, with specific attention drawn to the legal cases which defined the development of this case stretching back to the 1990s, and the foundational case

of Roper in 2005. The testifier notes the further development of brain science which was made following the 2012 Miller case.

**_Kashawn Taylor:_** The testifier notes the damage long periods of incarceration does to the human spirit, and the hinderance it can have on reintegration into society. The testifier supports the bill because it provides a route for young offenders to follow to be returned to the outside world.

**_Kathryn Thomas, Ph.D., J.D., Licensed Psychologist:_** The testifier supports the bill because of the experiences working with long sentenced individuals has had on them. The testifier notes the Supreme Court rulings and the science which backs them up concerning juveniles and the eighth amendment. The testifier notes that youth are more likely to engage in risky behavior, and that they grow out of this as they age through their twenties. The testifier notes the mental health impacts of life without parole, and the suffering it causes inmates.

**_Ebony Underwood, Founder, WE GOT US NOW:_** The testifier supports the bill because of the impact that long term incarceration has on the children of inmates, with measurable impacts on the child's financial and personal support networks. The testifier notes that although children as young as 14 can be treated as adults for criminal cases, they are not extended other rights such as buying tobacco until the age of 21.

**_Reymond Vasquez:_** The testifier recounts their personal developmental story, with the belief that everyone deserves a second chance at life.

**_Jessica Walker, Attorney, CT Criminal Defense Lawyers Association:_** The testifier supports the bill for its promotion of justice with the added financial savings. The testifier notes that the science has moved from 18 to 25 for the brain's development, and that to disregard an individual at a young age is counter to all conventional science. The testifier declares support for removing the line at 18 and instead looking at a 25 deadline to help accommodate the scientific advancements. As a secondary measure, the testifier notes the fiscal savings which will be made by implementing this bill, which has the double effect of productivity being introduced into the general economy with the introduction of hard-working parolees.

**_Dashawn Walton, Connecticut Justice Alliance:_** The testifier notes the science saying that your brain does not finish developing until the age of 25.

**_Tequile Walwyn, Connecticut Justice Alliance;_** The testifier notes the science saying that your brain does not finish developing until the age of 25.

**_Michael Watson:_** The testifier recounts their personal story and speaks of their friends who have matured greatly since being incarcerated at ages below 25.

**_Chasity West:_** The testifier recounts their personal story and how they did not consider the consequences of their actions. The testifier stated that they have engaged in rehabilitation programs to help develop, and they are now of the belief that they have transformed sufficiently to at least have a parole hearing on commutation of the sentence compared to the original sentence.

***Sean White, Connecticut Justice Alliance:*** The testifier is a mentor in the TRUE unit and can attest to the impulsivity of 18- to 25-year-old individuals. The testifier wishes to express support for the state accommodating different rates of maturity and provide a review to see how far individuals can reform themselves over a period.

***Kevin Whitworth, Connecticut Justice Alliance:*** The testifier supports consequences for actions, but also believes that these are the formative years of their lives and that should be taken into consideration when reviewing parole.

***Jar'Viyan Williams, Connecticut Justice Alliance:*** The testifier supports the bill because of the empathy they have learned in the 7 years since incarceration at the age of 16 and noting that people can be rehabilitated.

***Mark Young, Ambassador, CTHRA:*** The testifier supports the bill because of the psychological damage long term incarceration does to inmates, with note that under 25s are not yet adults and are deserving of a chance to be given parole.

***Jessica Yu:*** The testifier supports the bill because of the experiences they have heard whilst working with EMERGE Connecticut. They note that the brain science shows that people age out of criminal personality traits as they enter full adulthood.

***Yale Undergraduate Prison Project;***
***Project lead for Next Level Empowerment Lead, Kaitlyn Chandrika;***
***Co-president, Victoria Chung;***
***Co-president, Ethan Fell;***
***Co-head, David Wells;***
***Briana Fernandez;***
***Alex Guzman Caceres;***
***Anifowoshe Kayinsola,***
***Fikir Mekonnen,***
***Louise Puchalla:*** The testifiers note the damage children experience because of having a parent moved into prison. The testifiers disagree with 14- to 16-year-olds being sentenced in the adult criminal system, also noting the 11 individuals who had their crimes commuted, wishing for further modifications to be offered to adolescents.

***Jess Zaccagnino, Policy Counsel, ACLU:*** The ACLU states their opposition to mass incarceration, with note that the 18-dividing line between childhood and adulthood is a good start, but that brain development continues until the age of at least 25. The testifier also notes the racial justice issues in Connecticut, with higher levels of Black and Latinx young people behind bars deserving of a second chance.

***The following individuals submitted testimony in support of SB 952:***

| | | |
|---|---|---|
| • *Alana Dicks* | • *David Abramowitz* | • *Bianca Acevedo* |
| •*Saint Phard Carmen* | • *Eddy Abreu* | • *Joana Acosta* |
| •*Ronald Cusano* | • *Jose Aca* | • *Emerson Bass-Adams* |
| • *Ana Abad* | • *Juliana Accorroni* | • *Erika Aguirre* |
| • *Mudahannibah* | • *Sebastian Accorroni* | • *Mohammed Ahmed* |
| *Abdulbashir* | • *Bianca Acevedo* | • *Nada Ahmed* |

- *Omar Ahmed*
- *Brenda Alfaro*
- *Neivin Ali*
- *Jathniel Baptiste*
- *Brianna Barrett*
- *Precious Barrett*
- *Tatiana Barrett*
- *Trina Barrett*
- *Demitrius Bass*
- *Jaleel Bass*
- *Felicia Bettis*
- *Georgia Bettis*
- *Juan Bulerin*
- *Melissa Bulerin*
- *Keith Callahan*
- *Rayne Canada*
- *Adriana Cardona*
- *Jaquarius Carter*
- *Jennifer Carter*
- *Lawrence Carter*
- *Michael Catchings*
- *Richard Chandler*
- *Sederic Chandler*
- *John Cooke*
- *Nazir Cooper*
- *Elizabeth Costanzo*
- *Patrick Costanzo*
- *Vanessa Costanzo*
- *Crystal Crespo*
- *Miriam Crespo*
- *Yasmires Cruz*
- *David Cusano*
- *Linda Cusano*
- *Michael Cusano*
- *Robert Cusano*
- *Anthony Davis*
- *Brenda Dawson*
- *Raymond Dawson*
- *Rayvn Dawson*
- *Kathleen Dean*
- *Virginia Deluca*
- *Alanasia Dicks*
- *Alana Dicks*
- *Alan Dicks*
- *Nastascia Dickson*
- *Patty DiNatale*
- *Davon Eldemire*
- *Rayshon Ferguson*
- *Brandon Foisy*
- *Carlos Fulgencio*
- *Kathy Galarza*
- *Lu Gee*
- *Ajonae Gibson*
- *Joanna Glenn*
- *Kerell Glenn*
- *Kim Glenn*
- *Kiyanna Glenn*
- *Kwadidra Glenn*
- *Eurjay Graham*
- *David Hailstones*
- *Rose Hailstones*
- *Malice Hazel*
- *Iris Hekkenbrand*
- *John Hunt*
- *Mary Hunt*
- *Frederic Jay*
- *Careen Jennings*
- *Rosalia Jorge*
- *Christopher Juan*
- *Dean King*
- *Marcella LaBelle*
- *Patricia Lawrence*
- *James Lynch*
- *Tanazia Mackey*
- *Danny Martinez*
- *Milly Martinez*
- *Elizabeth Matos*
- *Karen May*
- *Jacqueline D McGregor*
- *Nakida McKnight*
- *Isiah Mikan*
- *David Minick*
- *Jayneisha Minick*
- *Jayteshia Minick*
- *Kusema Minick*
- *Ruth Minick*
- *Daniel Montanez*
- *Luis Monteiro*
- *Armani Moore*
- *Yasmeen Moss*
- *Evelysse Motta*
- *Alexandra Nicole*
- *Melissa Oquendo*
- *Yasmeen Moss*
- *Evelysse Motta*
- *Alexandra Nicole*
- *Melissa Oquendo*
- *Wanderson Petit*
- *Russell Perkins*
- *Deona Raynor*
- *Manuez Ruiz*
- *Kalissa Samuel*
- *Tyelissa Samuel*
- *Ann Marie Seriani*
- *Day Seriani*
- *Amani Shirley*
- *Antonio Soares*
- *Diana Sosa*
- *Giana Sotomayor*
- *Michelle Sotomayor*
- *Valbona Sotomayor*
- *Maria Sotorriva*
- *Suzanne Stephens*
- *Elizabeth Trejo*
- *Brendaline White*
- *Aisia Williams*
- *Tami Wityak*
- *Thomas Wityak*

**NATURE AND SOURCES OF OPPOSITION:**

**_Laura Jacobson;_** The testifier opposes the bill because of the murder of her brother by a 16-year-old and the impact that him serving less than the 45 years from the plea agreement would have on her.

**_Susan Bradford:_** She testified in opposition to the bill.

**Reported by:**  James McNealey          **Date:**  March 31, 2023

Page 13 of 13   SB-952