# Exhibit 4

Raised Bill No. 952



General Assembly

**_Raised Bill No. 952_**

*January Session, 2023*

LCO No. **3230**



Referred to Committee on JUDICIARY

Introduced by:
(JUD)

### AN ACT CONCERNING PAROLE ELIGIBILITY FOR AN INDIVIDUAL SERVING A LENGTHY SENTENCE FOR A CRIME COMMITTED BEFORE THE INDIVIDUAL REACHED THE AGE OF TWENTY-FIVE.

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. Subsection (f) of section 54-125a of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2023*):

(f) (1) Notwithstanding the provisions of subsections (a) to (e), inclusive, of this section, a person convicted of one or more crimes committed while such person was under **[**eighteen**]** twenty-five years of age, who is incarcerated on or after October 1, 2015, and who received a definite sentence or total effective sentence of more than ten years for such crime or crimes prior to, on or after October 1, 2015, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater, or (B) if such

person is serving a sentence of more than fifty years, such person shall be eligible for parole after serving thirty years. Nothing in this subsection shall limit a person's eligibility for parole release under the provisions of subsections (a) to (e), inclusive, of this section if such person would be eligible for parole release at an earlier date under any of such provisions.

(2) The board shall apply the parole eligibility rules of this subsection only with respect to the sentence for a crime or crimes committed while a person was under **[**eighteen**]** twenty-five years of age. Any portion of a sentence that is based on a crime or crimes committed while a person was **[**eighteen**]** twenty-five years of age or older shall be subject to the applicable parole eligibility, suitability and release rules set forth in subsections (a) to (e), inclusive, of this section.

(3) Whenever a person becomes eligible for parole release pursuant to this subsection, the board shall hold a hearing to determine such person's suitability for parole release. At least twelve months prior to such hearing, the board shall notify the office of Chief Public Defender, the appropriate state's attorney, the Victim Services Unit within the Department of Correction, the Office of the Victim Advocate and the Office of Victim Services within the Judicial Department of such person's eligibility for parole release pursuant to this subsection. The office of Chief Public Defender shall assign counsel for such person pursuant to section 51-296 if such person is indigent. At any hearing to determine such person's suitability for parole release pursuant to this subsection, the board shall permit (A) such person to make a statement on such person's behalf, (B) counsel for such person and the state's attorney to submit reports and other documents, and (C) any victim of the crime or crimes to make a statement pursuant to section 54-126a. The board may request testimony from mental health professionals or other relevant witnesses, and reports from the Commissioner of Correction or other persons, as the board may require. The board shall use validated risk assessment and needs assessment tools and its risk-based structured decision making and release criteria established pursuant to subsection (d) of section 54-124a in making a determination pursuant to

this subsection.

(4) After such hearing, the board may allow such person to go at large on parole with respect to any portion of a sentence that was based on a crime or crimes committed while such person was under **[**eighteen**]** twenty-five years of age if the board finds that such parole release would be consistent with the factors set forth in subdivisions (1) to (4), inclusive, of subsection (c) of section 54-300 and if it appears, from all available information, including, but not limited to, any reports from the Commissioner of Correction, that (A) there is a reasonable probability that such person will live and remain at liberty without violating the law, (B) the benefits to such person and society that would result from such person's release to community supervision substantially outweigh the benefits to such person and society that would result from such person's continued incarceration, and (C) such person has demonstrated substantial rehabilitation since the date such crime or crimes were committed considering such person's character, background and history, as demonstrated by factors, including, but not limited to, such person's correctional record, the age and circumstances of such person as of the date of the commission of the crime or crimes, whether such person has demonstrated remorse and increased maturity since the date of the commission of the crime or crimes, such person's contributions to the welfare of other persons through service, such person's efforts to overcome substance abuse, addiction, trauma, lack of education or obstacles that such person may have faced as a **[**child or youth**]** person under twenty-five years of age in the adult correctional system, the opportunities for rehabilitation in the adult correctional system and the overall degree of such person's rehabilitation considering the nature and circumstances of the crime or crimes.

(5) After such hearing, the board shall articulate for the record its decision and the reasons for its decision. If the board determines that continued confinement is necessary, the board may reassess such person's suitability for a new parole hearing at a later date to be determined at the discretion of the board, but not earlier than two years after the date of its decision.

(6) The decision of the board under this subsection shall not be subject to appeal.

| This act shall take effect as follows and shall amend the following sections: | | |
|---|---|---|
| Section 1 | *October 1, 2023* | 54-125a(f) |

### Statement of Purpose:

To broaden eligibility for parole to include those individuals serving long sentences for crimes committed before the individual was twenty-five years of age, under certain circumstances.

*[Proposed deletions are enclosed in brackets. Proposed additions are indicated by underline, except that when the entire text of a bill or resolution or a section of a bill or resolution is new, it is not underlined.]*