# Exhibit 5

Senate Bill No. 952 Amendment



| General Assembly | *Amendment* |
| --- | --- |
| *January Session, 2023* | LCO No. **9632** |



*SB0095209632HDO*

Offered by:
REP. STAFSTROM, 129th Dist.
SEN. WINFIELD, 10th Dist.
REP. FISHBEIN, 90th Dist.

To: Senate Bill No. **952**          File No. 508          Cal. No. 510

### *"AN ACT CONCERNING PAROLE ELIGIBILITY FOR AN INDIVIDUAL SERVING A LENGTHY SENTENCE FOR A CRIME COMMITTED BEFORE THE INDIVIDUAL REACHED THE AGE OF TWENTY-FIVE."*

Strike everything after the enacting clause and substitute the following in lieu thereof:

"Section 1. Section 54-125a of the general statutes is repealed and the following is substituted in lieu thereof (*Effective October 1, 2023*):

(a) A person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or total effective sentence of more than two years, and who has been confined under such sentence or sentences for not less than one-half of the total effective sentence less any risk reduction credit earned under the provisions of section 18-98e or one-half of the most recent sentence imposed by the court less any risk reduction credit earned under the provisions of section 18-98e, whichever is greater, may be allowed to go

at large on parole (1) in accordance with the provisions of section 54-125i, or (2) in the discretion of a panel of the Board of Pardons and Paroles, if (A) it appears from all available information, including any reports from the Commissioner of Correction that the panel may require, that there is a reasonable probability that such inmate will live and remain at liberty without violating the law, and (B) such release is not incompatible with the welfare of society. At the discretion of the panel, and under the terms and conditions as may be prescribed by the panel including requiring the parolee to submit personal reports, the parolee shall be allowed to return to the parolee's home or to reside in a residential community center, or to go elsewhere. The parolee shall, while on parole, remain under the jurisdiction of the board until the expiration of the maximum term or terms for which the parolee was sentenced less any risk reduction credit earned under the provisions of section 18-98e. Any parolee released on the condition that the parolee reside in a residential community center may be required to contribute to the cost incidental to such residence. Each order of parole shall fix the limits of the parolee's residence, which may be changed in the discretion of the board and the Commissioner of Correction. Within three weeks after the commitment of each person sentenced to more than two years, the state's attorney for the judicial district shall send to the Board of Pardons and Paroles the record, if any, of such person.

(b) (1) No person convicted of any of the following offenses, which was committed on or after July 1, 1981, shall be eligible for parole under subsection (a) of this section: (A) Capital felony, as provided under the provisions of section 53a-54b in effect prior to April 25, 2012, (B) murder with special circumstances, as provided under the provisions of section 53a-54b in effect on or after April 25, 2012, (C) felony murder, as provided in section 53a-54c, (D) arson murder, as provided in section 53a-54d, (E) murder, as provided in section 53a-54a, or (F) aggravated sexual assault in the first degree, as provided in section 53a-70a. (2) A person convicted of (A) a violation of section 53a-100aa or 53a-102, or (B) an offense, other than an offense specified in subdivision (1) of this subsection, where the underlying facts and circumstances of the offense

involve the use, attempted use or threatened use of physical force against another person shall be ineligible for parole under subsection (a) of this section until such person has served not less than eighty-five per cent of the definite sentence imposed.

(c) The Board of Pardons and Paroles shall, not later than July 1, 1996, adopt regulations in accordance with chapter 54 to ensure that a person convicted of an offense described in subdivision (2) of subsection (b) of this section is not released on parole until such person has served eighty-five per cent of the definite sentence imposed by the court. Such regulations shall include guidelines and procedures for classifying a person as a violent offender that are not limited to a consideration of the elements of the offense or offenses for which such person was convicted.

(d) The Board of Pardons and Paroles may hold a hearing to determine the suitability for parole release of any person whose eligibility for parole release is not subject to the provisions of subsection (b) of this section upon completion by such person of seventy-five per cent of such person's definite or total effective sentence less any risk reduction credit earned under the provisions of section 18-98e. An employee of the board or, if deemed necessary by the chairperson, a panel of the board shall assess the suitability for parole release of such person based on the following standards: (1) Whether there is reasonable probability that such person will live and remain at liberty without violating the law, and (2) whether the benefits to such person and society that would result from such person's release to community supervision substantially outweigh the benefits to such person and society that would result from such person's continued incarceration. If a hearing is held, and if the board determines that continued confinement is necessary, the board shall articulate for the record the specific reasons why such person and the public would not benefit from such person serving a period of parole supervision while transitioning from incarceration to the community. If a hearing is not held, the board shall document the specific reasons for not holding a hearing and provide such reasons to such person. No person shall be released on parole without receiving a hearing. The decision of the board under this

subsection shall not be subject to appeal.

(e) The Board of Pardons and Paroles may hold a hearing to determine the suitability for parole release of any person whose eligibility for parole release is subject to the provisions of subdivision (2) of subsection (b) of this section upon completion by such person of eighty-five per cent of such person's definite or total effective sentence. An employee of the board or, if deemed necessary by the chairperson, a panel of the board shall assess the suitability for parole release of such person based on the following standards: (1) Whether there is a reasonable probability that such person will live and remain at liberty without violating the law, and (2) whether the benefits to such person and society that would result from such person's release to community supervision substantially outweigh the benefits to such person and society that would result from such person's continued incarceration. If a hearing is held, and if the board determines that continued confinement is necessary, the board shall articulate for the record the specific reasons why such person and the public would not benefit from such person serving a period of parole supervision while transitioning from incarceration to the community. No hearing pursuant to the provisions of this subsection may proceed unless the parole release panel is in possession of the complete file for such applicant, including any documentation from the Department of Correction, the trial transcript, the sentencing record and any file of any previous parole hearing. Each member of the panel shall certify that all such documentation has been reviewed in preparation for such hearing. If a hearing is not held, the board shall document the specific reasons for not holding a hearing and provide such reasons to such person. No person shall be released on parole without receiving a hearing. The decision of the board under this subsection shall not be subject to appeal.

(f) (1) Notwithstanding the provisions of subsections (a) to (e), inclusive, of this section, a person convicted of one or more crimes committed while such person was under eighteen years of age, who is incarcerated on or after October 1, 2015, and who received a definite sentence or total effective sentence of more than ten years for such crime

or crimes prior to, on or after October 1, 2015, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater, or (B) if such person is serving a sentence of more than fifty years, such person shall be eligible for parole after serving thirty years. Nothing in this subsection shall limit a person's eligibility for parole release under the provisions of subsections (a) to (e), inclusive, of this section if such person would be eligible for parole release at an earlier date under any of such provisions.

(2) The board shall apply the parole eligibility rules of this subsection only with respect to the sentence for a crime or crimes committed while a person was under eighteen years of age. Any portion of a sentence that is based on a crime or crimes committed while a person was eighteen years of age or older shall be subject to the applicable parole eligibility, suitability and release rules set forth in subsections (a) to (e), inclusive, of this section.

(3) Whenever a person becomes eligible for parole release pursuant to this subsection, the board shall hold a hearing to determine such person's suitability for parole release. At least twelve months prior to such hearing, the board shall notify the office of Chief Public Defender, the appropriate state's attorney, the Victim Services Unit within the Department of Correction, the Office of the Victim Advocate and the Office of Victim Services within the Judicial Department of such person's eligibility for parole release pursuant to this subsection. The office of Chief Public Defender shall assign counsel for such person pursuant to section 51-296 if such person is indigent. At any hearing to determine such person's suitability for parole release pursuant to this subsection, the board shall permit (A) such person to make a statement on such person's behalf, (B) counsel for such person and the state's attorney to submit reports and other documents, and (C) any victim of the crime or crimes to make a statement pursuant to section 54-126a. The board may request testimony from mental health professionals or other

relevant witnesses, and reports from the Commissioner of Correction or other persons, as the board may require. The board shall use validated risk assessment and needs assessment tools and its risk-based structured decision making and release criteria established pursuant to subsection (d) of section 54-124a in making a determination pursuant to this subsection.

(4) After such hearing, the board may allow such person to go at large on parole with respect to any portion of a sentence that was based on a crime or crimes committed while such person was under eighteen years of age if the board finds that such parole release would be consistent with the factors set forth in subdivisions (1) to (4), inclusive, of subsection (c) of section 54-300 and if it appears, from all available information, including, but not limited to, any reports from the Commissioner of Correction, that (A) there is a reasonable probability that such person will live and remain at liberty without violating the law, (B) the benefits to such person and society that would result from such person's release to community supervision substantially outweigh the benefits to such person and society that would result from such person's continued incarceration, and (C) such person has demonstrated substantial rehabilitation since the date such crime or crimes were committed considering such person's character, background and history, as demonstrated by factors, including, but not limited to, such person's correctional record, the age and circumstances of such person as of the date of the commission of the crime or crimes, whether such person has demonstrated remorse and increased maturity since the date of the commission of the crime or crimes, such person's contributions to the welfare of other persons through service, such person's efforts to overcome substance abuse, addiction, trauma, lack of education or obstacles that such person may have faced as a child or youth in the adult correctional system, the opportunities for rehabilitation in the adult correctional system, whether the person has also applied for or received a sentence modification and the overall degree of such person's rehabilitation considering the nature and circumstances of the crime or crimes.

(5) After such hearing, the board shall articulate for the record its decision and the reasons for its decision. If the board determines that continued confinement is necessary, the board may reassess such person's suitability for a new parole hearing at a later date to be determined at the discretion of the board, but not earlier than two years after the date of its decision.

(6) The decision of the board under this subsection shall not be subject to appeal.

(g) (1) Notwithstanding the provisions of subsections (a) to (f), inclusive, of this section, a person convicted of one or more crimes committed while such person was under twenty-one years of age, who was sentenced on or before October 1, 2005, and who received a definite sentence or total effective sentence of more than ten years' incarceration for such crime or crimes committed on or before October 1, 2005, may be allowed to go at large on parole in the discretion of the panel of the Board of Pardons and Paroles for the institution in which such person is confined, provided (A) if such person is serving a sentence of fifty years or less, such person shall be eligible for parole after serving sixty per cent of the sentence or twelve years, whichever is greater, or (B) if such person is serving a sentence of more than fifty years, such person shall be eligible for parole after serving thirty years. Nothing in this subsection shall limit a person's eligibility for parole release under the provisions of subsections (a) to (f), inclusive, of this section if such person would be eligible for parole release at an earlier date under any of such provisions.

(2) The board shall apply the parole eligibility rules of this subsection only with respect to the sentence for a crime or crimes committed while a person was under twenty-one years of age. Any portion of a sentence that is based on a crime or crimes committed while a person was twenty-one years of age or older, shall be subject to the applicable parole eligibility, suitability and release rules set forth in subsections (a) to (e), inclusive, of this section.

(3) Whenever a person becomes eligible for parole release pursuant to this subsection, the board shall hold a hearing to determine such person's suitability for parole release. At least twelve months prior to such hearing, the board shall notify the office of Chief Public Defender, the appropriate state's attorney, the Victim Services Unit within the Department of Correction, the Office of the Victim Advocate and the Office of Victim Services within the Judicial Department of such person's eligibility for parole release pursuant to this subsection. The office of Chief Public Defender shall assign counsel for such person pursuant to section 51-296 if such person is indigent. At any hearing to determine such person's suitability for parole release pursuant to this subsection, the board shall permit (A) such person to make a statement on such person's behalf, (B) counsel for such person and the state's attorney to submit reports and other documents, and (C) any victim of the crime or crimes to make a statement pursuant to section 54-126a. The board may request testimony from mental health professionals or other relevant witnesses, and reports from the Commissioner of Correction or other persons, as the board may require. The board shall use validated risk assessment and needs assessment tools and its risk-based structured decision making and release criteria established pursuant to subsection (d) of section 54-124a in making a determination pursuant to this subsection.

(4) After such hearing, the board may allow such person to go at large on parole with respect to any portion of a sentence that was based on a crime or crimes committed while such person was under twenty-one years of age, if the board finds that such parole release would be consistent with the factors set forth in subdivisions (1) to (4), inclusive, of subsection (c) of section 54-300 and if it appears, from all available information, including, but not limited to, any reports from the Commissioner of Correction, that (A) there is a reasonable probability that such person will live and remain at liberty without violating the law, (B) the benefits to such person and society that would result from such person's release to community supervision substantially outweigh the benefits to such person and society that would result from such

person's continued incarceration, and (C) such person has demonstrated substantial rehabilitation since the date such crime or crimes were committed considering such person's character, background and history, as demonstrated by factors, including, but not limited to, such person's correctional record, the age and circumstances of such person as of the date of the commission of the crime or crimes, whether such person has demonstrated remorse and increased maturity since the date of the commission of the crime or crimes, such person's contributions to the welfare of other persons through service, such person's efforts to overcome substance abuse, addiction, trauma, lack of education or obstacles that such person may have faced as a person who was under twenty-one years of age in the adult correctional system, the opportunities for rehabilitation in the adult correctional system, whether the person has also applied for or received a sentence modification and the overall degree of such person's rehabilitation considering the nature and circumstances of the crime or crimes.

(5) After such hearing, the board shall articulate for the record its decision and the reasons for its decision. If the board determines that continued confinement is necessary, the board may reassess such person's suitability for a new parole hearing at a later date to be determined at the discretion of the board, but not earlier than two years after the date of its decision.

(6) The decision of the board under this subsection shall not be subject to appeal.

**[**(g)**]** (h) Any person released on parole under this section shall remain in the custody of the Commissioner of Correction and be subject to supervision by personnel of the Department of Correction during such person's period of parole.

Sec. 2. Subsection (e) of section 54-142a of the general statutes, as amended by section 1 of house bill 6918 of the current session, as amended by House Amendment Schedule "A", is repealed and the following is substituted in lieu thereof (*Effective July 1, 2023*):

(e) (1) (A) Except as provided in subdivisions (2) and (3) of this subsection, whenever any person has been convicted in any court of this state of a classified or unclassified misdemeanor offense or a motor vehicle violation for which a maximum term of imprisonment of not more than one year could have been imposed, or a class D or E felony or an unclassified felony offense for which a maximum term of imprisonment of not more than five years could have been imposed or a motor vehicle violation for which a maximum term of imprisonment greater than one year and not more than five years could have been imposed, any police or court record and record of the state's or prosecuting attorney or the prosecuting grand juror pertaining to such conviction, or any record pertaining to court obligations arising from such conviction held by the Board of Pardons and Paroles shall be erased as follows: (i) For any classified or unclassified misdemeanor offense or a motor vehicle violation for which a maximum term of imprisonment of not more than one year could have been imposed, except for a violation of section 14-227a, such records shall be erased seven years from the date on which the court entered the convicted person's most recent judgment of conviction (I) by operation of law, if such offense occurred on or after January 1, 2000, or (II) upon the filing of a petition on a form prescribed by the Office of the Chief Court Administrator, if such offense occurred prior to January 1, 2000; and (ii) for any class D or E felony, unclassified felony offense for which a maximum term of imprisonment of not more than five years could have been imposed or a motor vehicle violation for which a maximum term of imprisonment in excess of one year and not more than five years could have been imposed, or any violation of section 14-227a, such records shall be erased ten years from the date on which the court entered the convicted person's most recent judgment of conviction (I) by operation of law, if such offense occurred on or after January 1, 2000, or (II) upon the filing of a petition on a form prescribed by the Office of the Chief Court Administrator, if such offense occurred prior to January 1, 2000.

(B) For purposes of subparagraph (A) of this subdivision, the

classification of the offense, and the maximum sentence that could have been imposed for a conviction of such offense, shall be determined based on the law that was in effect at the time the offense was committed.

(2) Convictions for the following offenses shall not be eligible for erasure pursuant to this subsection:

(A) Any conviction, on or after January 1, 2000, designated as a family violence crime, as defined in section 46b-38a;

(B) Any conviction for an offense that is a nonviolent sexual offense or a sexually violent offense, each as defined in section 54-250;

(C) Any conviction for a violation of section 29-33, 53a-60a, 53a-60b, 53a-60c, 53a-61a, 53a-64bb, 53a-64cc, 53a-72a, 53a-90a, 53a-103a, 53a-181c, 53a-191, 53a-196, 53a-196d, 53a-196f, 53a-211, 53a-212, 53a-216, 53a-217, 53a-217a, 53a-217c, 53a-322, 53a-323, 54-251, 54-252, 54-253 or 54-254 or subdivision (1) of subsection (a) of section 53a-189a; or

(D) Any conviction for a violation of section 14-227a **[**within the preceding ten years of any arrest**]** <u>if the defendant has been convicted</u> for **[**the**]** <u>another</u> violation of section 14-227a <u>within the ten years</u> <u>following such conviction</u>.

(3) The provisions of subdivision (1) of this subsection shall not apply to any conviction for any offense until the defendant:

(A) Has completed serving any period of incarceration, parole, special parole, medical parole, compassionate parole or transitional supervision associated with any sentence for such offense and any other offense for which the defendant has been convicted on or after January 1, 2000, in this state;

(B) Has completed serving any period of probation for any sentence for any crime or crimes for which the defendant has been convicted on or after January 1, 2000, in this state; and

(C) Is not the subject of any pending state criminal charge in this state.

(4) If a person has been convicted of a violation of subsection (c) of section 21a-279 prior to October 1, 2015, such conviction shall not be considered as a most recent offense when evaluating whether a sufficient period of time has elapsed for an offense to qualify for erasure pursuant to this subsection.

(5) Nothing in this subsection shall limit any other procedure for erasure of criminal history record information, as defined in section 54-142g, or prohibit a person from participating in any such procedure, even if such person's criminal history record information has been erased pursuant to this section.

(6) Nothing in this subsection shall be construed to require the Department of Motor Vehicles to erase criminal history record information on an operator's driving record. When applicable, the Department of Motor Vehicles shall make such criminal history record information available through the Commercial Driver's License Information System.

(7) Nothing in this subsection shall terminate a defendant's obligation to register as a person convicted of an offense committed with a deadly weapon pursuant to section 54-280a, a felony for a sexual purpose pursuant to section 54-254 or a criminal offense against a victim who is a minor pursuant to section 54-251.

(8) No erasure under this subsection shall be construed to terminate a defendant's obligation to abide by a standing criminal protective order imposed under section 53a-40e or terminate a defendant's obligation to pay any unremitted fine imposed as part of the court's sentence.

(9) Notwithstanding any provision of this section and the provisions of section 54-142c, any record required to substantiate any defendant's conviction shall be available to law enforcement, the court and the state's attorney for the purpose of (A) verifying such defendant's obligation to register pursuant to section 54-251, 54-254 or 54-280a and

prosecuting any such defendant for violating any provision of such sections, and (B) verifying such defendant's obligation to abide by any standing criminal protective order imposed under section 53a-40e and prosecuting any such defendant for a violation of section 53a-223a."

| This act shall take effect as follows and shall amend the following sections: | | |
|---|---|---|
| Section 1 | *October 1, 2023* | 54-125a |
| Sec. 2 | *July 1, 2023* | 54-142a(e) |